# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| ROSA LYN STRUTTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-00672-CV-W-LMC |
| | ) | |
| KILOLO KIJAKAZI, ACTING | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Pending before the Court is Plaintiff's Motion for 42 U.S.C. § 406(b) Attorney Fees. (Doc. #27.)  Counsel seeks attorney's fees in the amount of $12,710.00 for work performed before this Court.  The Commissioner does not object to Plaintiff's fee request but points out that this Court must make an independent determination of the reasonableness of the fee request pursuant to *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S.Ct. 1817 (2002).  (Doc. #29.)

### I.    PROCEDURAL  BACKGROUND

Plaintiff filed an application for disability benefits on September 30, 2016, alleging a disability onset date of July 27, 2016.  (Doc. #6-3 at 50; Doc. #6-8 at 2, 5; Tr. at 49, 570, 573.)  Following a hearing, her request was denied by an Administrative Law Judge (ALJ).  (Doc. #6-3 at 50–59; Tr. at 49–58.)  The Appeals Council denied her request for review, and an appeal was taken to this Court.  (Doc. #1; Doc. #6-3 at 2–5; Tr. at 1–4.)  On August 12, 2020, this Court reversed the decision of the ALJ and remanded the case for further proceedings.  (Doc. #19.)  Thereafter, the Court awarded counsel attorney's fees pursuant to the Equal Access to Justice Act (EAJA) in the amount of $7,500.00. (Doc. #25.)

On remand, the ALJ, issued a fully favorable decision finding Plaintiff disabled as of July 27, 2016. (Doc. #27-2 at 1.) The Commissioner withheld 25 percent of Plaintiff's past due benefits, totaling $12,710.00 in order to pay attorney's fees. (Doc. #27-2 at 2.) Counsel requests that he be awarded $12,710.00 for work before the Court. (Doc. #27 at 3.) Both plaintiff's counsel and defense counsel note that this Court's previous award of attorney's fees pursuant to the EAJA in the amount of $7,500.00 was intercepted by the U.S. Department of Treasury to pay for a debt owed by Plaintiff and counsel, therefore, did not receive any funds from the EAJA award. (Doc. #27 at 2; Doc. #29.)

## II.   ATTORNEY'S FEES PURSUANT TO 42 U.S.C.§ 406(b)

The statute governing the award of court-approved attorney's fees in social security cases states in relevant part that:

> (b) Fees for representation before court
> (1)(A) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A). The twenty-five percent statutory maximum is not an automatic entitlement. The court must ensure that the fee requested is reasonable. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807, 122 S.Ct. 1817, 1828 (2002). In *Gisbrecht*, the Court observed that the statute "calls for court review of such arrangements [contingent fee] as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807. Courts may appropriately reduce an attorney's recovery based on the character of the representation or if the benefits are large in comparison to the amount of time counsel spent on the case. *Id*. at 808. This Court recognizes "that a lawyer's risk of not getting paid for taking a Social Security appeal on a contingency basis

is very high." *Bear v. Astrue*, 544 F. Supp. 2d 881, 884 (D. Neb. 2008) (awarding counsel $10,288.50 for 29.4 hours of work pursuant to section 406(b).)

Plaintiff and her counsel entered into a contingency fee contract, wherein counsel would receive 25% percent of back benefits recovered. (Doc. #27-3.) The Court recognizes that Plaintiff's counsel is an experienced attorney who specializes in social security disability cases and who has worked on this case for an extended period of time. Counsel submitted time records indicating 51.7 hours of time spent by counsel on this matter. (Doc. #27-1.) Counsel obtained an outstanding result, obtaining back pay for Plaintiff. Furthermore, the requested amount is in line with cases that find reasonableness by factoring the hourly rate by 2.8 to account for the statistical likelihood of success in contingency fee cases. *Whitehead v. Barnhart*, 2006 WL 910004, at *2 (W.D. Mo. Apr. 7, 2006).

In the circumstances of this case, the Court finds that an award of $12,710 for attorney's fees pursuant to 42 U.S.C. § 406(b)(1)(A) is reasonable within the meaning of the statute and case law. For the reasons discussed herein, it is

ORDERED that Plaintiff's Motion for 42 U.S.C. § 406(b) Attorney Fees (Doc. #27) is granted and pursuant to 42 U.S.C. § 406(b)(1)(A), attorney's fees of $12,710.00 are awarded to Plaintiff's counsel from the fund being held by the Social Security Administration.

*/s/ Lajuana M. Counts*
LAJUANA M. COUNTS
UNITED STATES MAGISTRATE JUDGE